21989

Gregg STEINLE and Multimedia, Inc., Appellants, v. Harold V. LOLLIS, Magistrate of Greenville County, Respondent.

(307 S. E. (2d) 230)

*David L. Freeman* and *Carl F. Muller*, of *Wyche, Burgess, Freeman & Parham*, Greenville, *for appellants*.

*Joseph Earle* and *Deborah Westbrook*, Greenville, *Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Charles H. Richardson*, Columbia, *for respondent*.

September 15, 1983.

*Per Curiam:*

This appeal is from an order of the circuit court affirming the action of the repondent, a magistrate, who had closed a preliminary hearing to members of the press. Closure of the hearing had been granted upon a motion by the defendant (not a party to this appeal) to which there was no objection by the State. Appellants objected to the motion, and thereafter sought writs of mandamus and prohibition from the circuit

court. Relief was denied on the ground that members of the press and public have no constitutional right of access to a pretrial proceeding and thus have no basis to challenge closure of a preliminary hearing.

The issue before the circuit court was appellant's claim of a "free press" right to access resting upon the First and Fourteenth Amendments to the United States Constitution and upon the virtually identical language of Section 2, Article I of the South Carolina Constitution. By exception on this appeal it is additionally asserted that a constitutional right of access arises independently from Section 9, Article I of the South Carolina Constitution which declares that, "All courts shall be public. . . ."

We concur with the basic holding of the trial court. To date there does not exist any federally recognized constitutional right of access to preliminary hearings. *Gannett Co. v. DePasquale,* 443 U. S. 368, 99 S. Ct. 2898, 61 L. Ed. (2d) 608. Indeed such right of access to trials as does exist is not absolute but subject to a proper balancing of competing interests. *Gannett Co. v. Depasquale, supra; Richmond Newspapers, Inc. v. Virginia,* 448 U. S. 555, 581, 100 S. Ct. 2814, 2829, 65 L. Ed. (2d) 973, 992. In the case of *State v. Sinclair,* 275 S. C. 608, 274 S. E. (2d) 411, this Court adopted the rationale of these decisions.

We believe the trial court erred, however, in failing to fully apply the principles of *Gannett Co. v. DePasquale, supra.* The trial judge in that case made express findings that closure of a suppression hearing was demanded by "reasonable probability of prejudice" to the defendants, and the United States Supreme Court specifically noted this fact. 443 U. S. at 393, 99 S. Ct. at 2912, 61 L. Ed. (2d) at 629. The record on the present appeal is devoid of any finding either by the circuit court or the respondent magistrate that exclusion of the press was required to protect the defendant's right of a fair trial and that no other method of protecting this right was available. *See Nebraska Press Association v. Stuart,* 427 U. S. 539, 565, 96 S. Ct. 2791, 2806, 49 L. Ed. (2d) 683, 701; *Richmond Newspapers Inc. v. Virginia, supra,* 448 U. S. at 580-581, 100 S. Ct. at 2829, 65 L. Ed. (2d) at 992.

Exclusion of the press and public from judicial proceedings is a drastic measure calling for careful weighing of interests

affected. A magistrate in the respondent's position should require the moving party to establish good and sufficient cause before closing a preliminary hearing. He must exercise sound judicial discretion and he must make express findings upon the record before taking action.

The proceedings at issue in the instant case have long since been concluded. The issues are by no means moot, however, given that the underlying dispute between the parties is one capable of repetition yet evading review. *Nebraska Press Association v. Stuart, supra,* 427 U. S. at 546-547, 96 S. Ct. at 2796-2797, 49 L. Ed. (2d) at 690; *Gannett v. DePasquale, supra,* 443 U. S. at 377, 99 S. Ct. at 2904, 61 L. Ed. (2d) at 620.

We, therefore, hold that it was error to exclude appellants from the preliminary hearing proceedings without specific findings upon the record to justify the action of the respondent. The order under appeal is accordingly vacated.