22353

*Ex parte* COLUMBIA NEWSPAPERS, INC., Appellant. In re Willie Earl GOODWIN and Wilbert Gerald Goodwin, Children Under the Age of 17 Years, Respondents.

(333 S. E. (2d) 337)

Supreme Court

*Jay Bender,* of *Belser, Baker, Barwick, Ravenel, Toal & Bender,* Columbia, *for appellant.*

*Douglas K. Kotti,* of the *Law Offices of Harvey L. Golden, P.A.,* and *John R. Lester,* Columbia, *for respondents.*

*Sol. James C. Anders* and *Asst. Sol. Stanley D. Ragsdale,* Columbia, *for the State.*

Heard June 3, 1985.

Decided July 18, 1985.

*Per Curiam:*

Fifteen-year-old twin brothers were charged with the murder of their mother. Under § 20-7-430(5) of the Code of Laws of South Carolina (1976), it became the duty of the

Family Court Judge to determine whether the cases would be tried in Family Court or transferred to the Court of General Sessions where the accused persons would be tried as if the offense had been commited by an adult. At the time of the motion hearing, the Family Court Judge excluded the press relying upon § 20-7-755 which states in pertinent part:

> All cases of children shall be dealt with as separate hearings by the [Family] court and without a jury.... The general public shall be excluded and only such persons admitted as the judge shall find to have a direct interest in the case or in the work of the court.

Columbia Newspapers, Inc., through this appeal, challenges the constitutionality of this section. That is the only issue before the Court. While the trial of the case on its merits has been finalized in the Court of General Sessions, we will not treat the issue as moot because the dispute is one which is capable of repetition yet evading review. *Gannett v. DePasquale*, 443 U. S. 368, 99 S. Ct. 2898, 61 L.Ed. (2d) 608; *Steinle v. Lollis*, 279 S. C. 375, 307 S. E. (2d) 230 (1983). We review the case in order to provide guidelines for the bench, bar and the press at future hearings.

The newspaper contends that the statute is in direct contradiction with Article I, Section 9 of the Constitution of South Carolina which states:

> All courts shall be public, and every person shall have speedy remedy therein for wrongs sustained.

The right of the public and of news media are the same. The newspaper argues that this provision of the Constitution guarantees the general public access to all courts of the State such that anyone may attend any proceeding. We disagree.

In *Steinle v. Lollis, supra,* we stated "... such right of access to trials as does exist is not absolute but subject to a proper balancing of competing interests."

We interpret Article I, Section 9 of the Constitution of South Carolina as we did in *Steinle* to mean that the public, and likewise the press, has a right of access to court proceedings subject to a balancing of interest with the parties involved. The Legislature may impose lim-

itations on the right of access to court proceedings as was done by § 20-7-755. However, when and if challenged by the public or the press, the decision of a judge to close any proceeding must be supported by findings which explain the balancing of interests and the need for closure of the proceeding. It would be unduly burdensome to require a Family Court judge to make specific findings in every case where children are involved. Therefore, we require that findings be made only when the closure of a particular case is challenged.

We hold the Family Court judge erred in failing to make specific findings that the closure of the hearing was necessary to protect the rights of the juveniles involved. The judge's conclusory statement that opening the proceedings to the public would have an adverse effect upon the chances of rehabilitation of the juveniles is not a sufficient finding. The order under appeal is accordingly,

Vacated.