Jane DOE et al.,

v.

EDWARD A. SHERMAN PUBLISHING COMPANY et al.

No. 90–321–Appeal.

Supreme Court of Rhode Island.

July 2, 1991.

---

Thomas W. Kelly, Kelly, Howe, Scott & Kelley, Newport, for plaintiff.

Joseph V. Cavanagh, Jr., Michael DiBiase, Blish & Cavanagh, Providence, for defendant.

## OPINION

FAY, Chief Judge.

This case comes before the Supreme Court on appeal by the plaintiffs seeking review of a Superior Court decision granting the defendants' motion for summary judgment. For the reasons set forth herein, we affirm the decision of the trial justice.

The facts pertinent to this appeal are as follows. The defendant is the publisher of the Newport Daily News (hereinafter Daily News), a daily newspaper of general circulation in Newport County. Each month the Daily News publishes a list of those persons granted a final judgment of divorce by the Newport Family Court. This information is obtained from the clerk of that court.

On February 17, 1990, a complaint was filed in Superior Court on behalf of an adult Newport woman under the pseudonym Jane Doe seeking to enjoin the Daily News from publishing her name and address as part of its monthly list of recently divorced persons. Jane Doe was subsequently joined by Alison Roe, whose name had already been published by the Daily News. Alison Roe is seeking damages for the alleged harm already suffered as a result of appearing in the "divorce" section of the paper.

On May 21, 1990, the trial justice granted defendants' motion for summary judgment, finding that the statutory right to privacy pursuant to G.L.1956 (1985 Reenactment) § 9-1-28.1 does not extend to the publication of information extracted from official court records. The plaintiffs filed a notice of appeal on June 6, 1990, challenging the trial justice's grant of summary judgment. Rule 56(c) of the Superior Court Rules of Civil Procedure provides that a trial justice may enter summary judgment in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Because there are no factual disputes in the case before us, we must focus our attention on whether the trial justice correctly applied the law in entering judgment in favor of defendants.

The plaintiffs aver that the trial justice erred by concluding that Rhode Island's Privacy Act should not be interpreted to apply to the records of the Family Court concerning divorce.

Section 9-1-28.1(a)(3) provides in pertinent part:

"Right to privacy-Action for deprivation of right.-(a) *Right to Privacy Created.*-It is the policy of this state that every person in this state shall have a right to privacy which shall be defined to include any of the following rights individually:

\* \* \* \* \* \*

(3) The right to be secure from unreasonable publicity given to one's private life;

(A) In order to recover for violation of this right, it must be established that:

(i) There has been some publication of a private fact;

(ii) The fact which has been made public must be one which would be offensive or objectionable to a reasonable man of ordinary sensibilities;

(B) The fact which has been disclosed need not be of any benefit to the discloser of such fact."

Section 9–1–28.1(c) provides, however,

"Nothing in this section shall be construed to limit or abridge any existing right of access at law or in equity of any party to such records kept by any agency of state or municipal government."

Finally G.L.1956 (1985 Reenactment) § 8–10–21 provides:

"Records of court.-The records of the family court shall be public records, except that records of hearings in matters set forth in § 14–1–5, together with stenographic notes and transcripts of said hearings, shall not be available for public inspection unless the court shall otherwise order. Notwithstanding the foregoing provisions, the records of the family court in criminal matters involving adults shall be public records."

Pursuant to the unambiguous language of the above-cited statutes, it is clear that the statutory right to privacy in Rhode Island does not extend to those records deemed public. Therefore, because § 8–10–21 renders public those records from which defendants obtain their information, to interpret the Privacy Act as plaintiffs suggest would clearly have been in error. Accordingly we conclude that the trial justice properly entered judgment in favor of defendants.

Were we to have disagreed with the trial justice's application of the Privacy Act in the instant case, we would then have been compelled to engage in an examination of the constitutional issues presented by this appeal. Essentially plaintiffs contend that they have a constitutional right to privacy, which should operate to restrain the Daily News from publishing Jane Doe's name as part of its list of recently divorced persons and or provide damages to Alison Roe for harm she has allegedly suffered from such publication. A brief examination of plaintiffs' claim, however, reveals that it cannot withstand constitutional analysis.

In 1975 the United States Supreme Court considered whether a rape victim, invoking her right to privacy, could bring an action for damages against a newspaper for publication of her name. The Court held that the defendant could not maintain such an action, reasoning that a public interest is served when certain information is placed in the public domain. *Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 495, 95 S.Ct. 1029, 1046, 43 L.Ed.2d 328, 349 (1975). The Court went on to say that "the First and Fourteenth Amendments will not allow exposing the press to liability for truthfully publishing information released to the public in official court records." *Id.* at 496, 95 S.Ct. at 1047, 43 L.Ed.2d at 350. Because an action seeking prior restraint on publication carries with it an even heavier burden than a claim for postpublication damages, we find the holding in *Cox* dispositive of the constitutional issues presented by both of these claims. *See Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 556, 96 S.Ct. 2791, 2801, 49 L.Ed.2d 683, 696 (1976).

For the foregoing reasons the plaintiffs' appeal is denied and dismissed, and the case is remanded to the Superior Court.