**PROVIDENCE JOURNAL COMPANY**

v.

**CLERK OF the FAMILY COURT and the State of Rhode Island.**

**No. 93–408–Appeal.**

Supreme Court of Rhode Island.

June 16, 1994.

Joseph V. Cavanagh, Jr. and Michael P. DiBiase, Blish & Cavanagh, Providence, for plaintiff.

Terence J. Tierney and Margaret A. Hogan, Sp. Asst. Attys. Gen., Providence, for defendant.

Edward L. Maggiacomo, Christopher C. Whitney and Laura K. Wendell, Adler, Pollock & Sheehan, James J. Lepore, Coia & Lepore, Ltd., Providence, for intervenors.

OPINION

PER CURIAM.

This case came before us for oral argument May 13, 1994, pursuant to an order that had directed the intervenors to appear in order to show cause why this appeal should not be summarily denied and dismissed. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

At the request of the plaintiff, Providence Journal Company (Journal), the chief judge of the Family Court ordered that financial records from an earlier divorce action between Gaythorne J. Angell and Carol Angell (intervenors) be unsealed and released as public information. The intervenors appeal from this order.

Pursuant to Administrative Order No. 77-6 of the Family Court and Rules 1.7 and 1.20 of the Family Court Rules of Practice the intervenors had filed with the Family Court statements of assets and liabilities, income and expenses on Family Court No. DR-6A forms. Thereafter, the intervenors reached a property-settlement agreement, and the divorce hearing was determined as a nominal contest.

After approval of the parties' property-settlement agreement, a justice of the Family Court ordered that the DR-6A statements and the property-settlement agreement be sealed pursuant to Family Court Administrative Order No. 77-6, which provides for the sealing of such records in the discretion of a justice of the Family Court.

Thereafter, on July 9, 1993, a statewide grand jury issued an indictment against Gaythorne J. Angell, Jr., for gambling-related offenses. Prior to the indictment on June 28, 1993, the Journal filed a complaint in the Family Court, seeking access to the DR-6A statements and the property-settlement agreement. After hearing arguments, the chief judge of the Family Court ordered the unsealing of the documents. The intervenors filed an appeal from said order and asked for a stay of the order of unsealing pending the determination of the appeal. This court remanded the case to the Family Court for further proceedings. A further argument was held before the chief judge, who thereafter decided again that the documents should be unsealed. This appeal is from the second order.

█ The intervenors argue before us that the release of these documents constitutes a violation of the Fifth Amendment right of the intervenors against self-incrimination. We are of the opinion that the Fifth Amendment privilege against self-incrimination has no application to this controversy.

The Fifth Amendment privilege against self-incrimination is applicable only to compelled testimonial communication. *See United States v. Doe,* 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984); *Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); *Couch v. United States,* 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). The principles enunciated in all these cases is that records or documents voluntarily prepared are not protected by the Fifth Amendment. It is specifically held in *Couch* that records entrusted to a third party, even though incriminatory in nature, are not subject to the privilege. *Couch,* 409 U.S. at 329, 93 S.Ct. at 616, 34 L.Ed.2d at 554-55.

The intervenors argue that the DR-6A forms were filed pursuant to judicial compulsion. This argument must be rejected. The forms were voluntarily filed by both intervenors. No objection to filing the forms was raised on self-incrimination grounds. The failure to file such a form would result only in the sanction of nonpersuasion or the danger of an inference's being drawn against the party who did not file the necessary information. *See Pulawski v. Pulawski,* 463 A.2d 151 (R.I.1983). There was no compulsion such as existed in *Garrity v. New Jersey,* 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), or *Spevack v. Klein,* 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967).

█ Court records are generally public documents and are subject to supervision by the court. Although records of the court may be sealed for good cause, the decision by the chief judge that good cause had not been shown for the sealing of these documents was certainly not an abuse of discretion on his part. Basically, all court documents are public. *See Doe v. Edward A. Sherman Publishing Co.,* 593 A.2d 457 (R.I.1991). The legislative judgment has been made that Family Court records shall be public. G.L. 1956 (1985 Reenactment) § 8-10-21. The burden of persuasion was upon the intervenors to show good cause for sealing such records. This they failed to do.

For the reasons stated, the appeal of the intervenors is denied and dismissed. The order of the chief judge of the Family Court

unsealing said records is hereby affirmed. The papers in the case may be remanded to the Family Court.