**John DOE and American Civil Liberties Union, Plaintiffs,**

v.

**John ASHCROFT, in his official capacity as Attorney General of the United States; Robert Mueller, in his official capacity as Director of the Federal Bureau of Investigation; and Marion Bowman, in his official capacity as Senior Counsel to the Federal Bureau of Investigation, Defendants.**

No. 04 Civ. 2614(VM).

United States District Court, S.D. New York.

May 12, 2004.

Arthur N. Eisenberg, New York Civil Liberties Union Foundation, Jameel· Jaffer, New York City, for Plaintiffs.

## DECISION AND ORDER

MARRERO, District Judge.

The complaint in this case challenges the constitutionality of a statute authorizing the Government to obtain certain intelligence-related information in the possession of communications service providers and prohibiting those providers from disclosing the Government's inquiry. *See* 18 U.S.C. 2709. This Decision and Order sets forth a procedure by which documents in this case may be filed.

## I. BACKGROUND

The American Civil Liberties Union ("ACLU") and a second plaintiff, referred to as "John Doe" for the purposes of this litigation, challenge the constitutionality of 18 U.S.C. § 2709, which authorizes the Federal Bureau of Investigation ("FBI") to obtain certain information from "wire or electronic communication service provider[s]." The FBI may obtain information from those sources only if it certifies in writing that the information sought is "relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities." 18 U.S.C. § 2709(b). Such requests and certifications are made, as the statute prescribes, in the form of National Security Letters ("NSLs"). Communications service providers that receive NSLs are prohibited from disclosing the FBI's requests. *See* 18 U.S.C. § 2709(c). The parties' cross-motions for summary judgment on this matter will be fully briefed in July.

The ACLU initially filed this lawsuit under seal to avoid penalties for violating the non-disclosure provision – a provision which the ACLU contends violates the First Amendment. The Court, by Judge Thomas Griesà sitting in Part I, granted the sealing order requested by the ACLU. The parties then agreed to publicly file redacted versions of the complaint and the motion to file the complaint under seal. The parties memorialized that agreement in a proposed Order, which the Court signed without change on April 28, 2004. The stipulated Order also directs that all future documents shall be filed under seal, unless the Court directs otherwise.

Immediately after the redacted complaint became public, the ACLU issued a

press release which revealed, among other things, the briefing schedule for the summary judgment motion. The Government requested that the ACLU remove the briefing schedule from its website because, according to the Government, that information was subject to the sealing order. The Government conceded that it would have agreed to such an innocuous disclosure, but it took issue with the fact that the ACLU had disclosed sealed information unilaterally.

That dispute marked the beginning of an intense debate between the parties as to the proper method of publicly filing documents in this case. In spite of previously moving to seal the case and agreeing to a broad sealing order, the ACLU moved to unseal the case entirely based upon the First Amendment right of access to the courts. The ACLU suggested that any dispute about redactions could be addressed on a document-by-document basis via stipulations or motions. The Government responded that unsealing the case would be unnecessary and inappropriate in light of certain enforcement concerns the Government has expressed. The Government also pointed out that any filing procedure must allow the Government to review disclosures *before* they are filed publicly; otherwise, any subsequent seal would be meaningless.

The Court held a conference with the parties in hopes that they could reach an agreement which would forestall full-blown motion practice on the issue. As the Court advised the parties, motion practice on such a procedural dispute would be ill-advised for several reasons. First, it would likely require the Court to address the merits of the case prematurely, *i.e.,* before the summary judgment briefing is complete. The ACLU's motion raises a question as to whether there is a public right of access to material arguably within the scope of the challenged non-disclosure provision. Resolving that procedural question depends in large part on the merits of this case – whether that provision is or is not constitutional – but not vice versa. Thus, at least while the logically prior question on the merits is pending and the statute is presumed constitutional, it would be inappropriate to allow the parties to shoehorn the merits of the dispute into a procedural motion.

Second, such motion practice might require the Court to issue a ruling involving constitutional questions, even though that ruling would likely make little difference as to the ultimate disclosures in this case. The parties' generally agree as to which categories of facts should be kept under seal, at least for now: those implicating the non-disclosure provision (whose constitutionality is at issue) and those implicating sensitive intelligence information. They disagree only as to the *procedure* by which the Court (or the parties by agreement) should make those determinations.

Finally, full-blown motion practice on this tangential issue will necessarily involve more filings and thus more contentious disputes as to the proper redactions on those filings themselves. As evidence of this snowball effect, the Court notes that the bulk of the documents filed in this case pertain to the issue of how to file documents in this case.

At the conclusion of the conference, the Court directed the parties to submit an agreed-upon order to govern the filing of documents on the public docket. When the parties notified the Court that they could not agree, the Court directed the parties to submit their proposed orders. The Court has considered those proposals, along with the other materials in this case, from which the Court makes the following findings. Those findings form the basis of the Order which will govern future filings,

and hopefully return the focus of this case to its substantive merits.

## II. DISCUSSION

■ Documents filed with the Court may be sealed only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re New York Times Co.*, 828 F.2d 110, 117 (2d Cir.1987) (internal quotation marks and citations omitted);[1] *see also Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 13–14, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986). In this case, there are two related values which necessitate the limited sealing which the Court will order: (1) the underlying statute's non-disclosure provision and (2) the national security concerns related to the possibility of disclosing sensitive intelligence activities conducted by law enforcement agents.

First, the federal statute at issue makes it unlawful to disclose that the FBI has sought information under the statute. *See* 18 U.S.C. § 2709(c). The requirement of non-disclosure has no exceptions or time limit. *See id.* Some limited closure is required to ensure that the parties do not run afoul of that provision, directly or inadvertently. Of course, the Court recognizes that the ACLU contends that this provision violates the First Amendment,

and the Court will address that issue promptly when the summary judgment briefs are fully submitted. For now, however, the Court must presume that the statute is constitutional. *See I.N.S. v. Chadha*, 462 U.S. 919, 944, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983).[2]

Second, the Government has asserted that certain elements of this lawsuit implicate other sensitive Government concerns which might be revealed through this litigation, even if unintentionally. That assertion is unsurprising because the statute at issue requires the FBI to certify in writing that the information sought in an NSL is "relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities." 18 U.S.C. § 2709(b). The ACLU has not alleged otherwise and has in fact explicitly stated to the Court that it would be careful in that regard. In absence of dispute between the parties on this basic point, the Court considers it unnecessary to address this matter further at this time.

The Court believes that above-mentioned values, although weighty, can be addressed with only a minimal amount of closure. In fact, the Court notes that the public docket currently contains a record of relatively few redactions. The public filings reveal the essential nature of this lawsuit, and the essential nature of this

---

1. Although *New York Times* involved records in a criminal case, the Second Circuit has cited this holding in civil cases as well. *See United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir.1995); *accord In re Continental Illinois Secs. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984) ("[T]he policy reasons for granting public access to criminal proceedings apply to civil cases as well.").

2. In *New York Times*, the Second Circuit held that District Courts must make case-specific findings to justify a closure, as opposed to merely referencing general policy concerns of secrecy expressed in a sealing statute. *See* 828 F.2d at 115. On this point, *New York*

*Times* is distinguishable both on its facts and its procedural posture. The sealing statute at issue in that case prohibited disclosing certain wiretapped information except upon a showing of good cause; the statute at issue here does not contain any exceptions. More importantly, the First Amendment question was squarely presented for final resolution in the motion to unseal at issue *New York Times*, whereas, here, the Court is merely making a procedural ruling regarding the propriety and orderliness of addressing the First Amendment questions in this case. This Decision and Order will not affect the Court's resolution of the more fundamental First Amendment issues on the merits of the case.

very dispute concerning the closure of the lawsuit. In keeping with that record of openness, the Court sets forth a procedure below by which the public will have timely access to all the non-sensitive information in this lawsuit. Without repeating the details here in narrative form, the Court will describe a few features which illustrate the exceptionally narrow scope of the sealing procedure.

■ First, the Order sets forth certain categories of filings which can be immediately filed on the public docket. Importantly, matters related to the central allegation in this lawsuit – that 18 U.S.C. § 2709 is unconstitutional on its face – fall outside the seal. Second, the public docket will include a redacted version or a brief description of any document filed within one or two business days of the filing of a sealed version of that document. Considering the broad scope of what is outside the seal and the narrow scope of what is sealed, the Court anticipates that the redactions will be relatively few. Third, to the extent disputes arise regarding redactions, the Court has set forth a procedure by which those disputes can be resolved expeditiously, either by the parties themselves, or, failing their agreement, by the Court. Fourth, that procedure puts the burden on the Government to quickly justify each particular redaction under the exacting First Amendment standards applicable. Finally, if the ACLU indeed prevails on its claim that the non-disclosure provision is unconstitutional, then most (if not all) of the sealed information will be eventually revealed. By the same token, if the Government is correct that the non-disclosure provision *is* constitutional, the Court's procedures will have merely served to enforce a valid statute.

### III. *ORDER*

For the reasons stated, it is hereby:

**ORDERED** that the motion of the American Civil Liberties Union to unseal this case is granted in part and denied in part, as described herein.

1. Except as provided in paragraph 4, all documents in this action shall be filed in the first instance under seal.

2. On the date of any filing, the parties shall confer and endeavor to agree upon a proposed redacted version of the document for filing on the public docket. The filing party shall then submit to the opposite party for verification a version of the document containing all redactions which either party proposes. Once verified and agreed upon, that document as redacted shall be filed on the public docket. The discussions, verification, and public filing mentioned above shall be completed by the end of the business day following the date of the initial sealed filing. With respect to merits briefing, the time period shall be two business days.

3. In the event there are disputed redactions, the proponent of any disputed redaction shall, within two business days following any filing under paragraph 2, write a letter to the Court explaining the specific and compelling reasons why those disputed portions of the filing should be redacted. The opposite party shall have two business days within which to respond by letter. With respect to merits briefing, each party shall have four business days, instead of two. Those letters shall be filed under seal, with proposed redacted versions. As appropriate, the Court will then direct the parties to file the original redacted version, or a revised redacted version of the document and the letters.

4. Any document which is limited to the following information is not subject to the procedures of the preceding paragraphs and may be filed on the public docket:

    a. the ACLU's facial constitutional challenge to 18 U.S.C. § 2709 and any attendant discussion which is limited to purely legal issues and which does not reference any factual allegations;

    b. ministerial or scheduling matters that do not otherwise reference any material subject to this sealing Order;

    c. pro hac vice motions.

It is finally

**ORDERED** that the Clerk of Court file this Decision and Order on the public docket.

**SO ORDERED.**