630 S.E.2d 464

Ex parte CAPITAL U–DRIVE–IT, INC., Respondent.

**In re Michelle Wallace, f/k/a Michelle Beaver,**

v.

**Rhett Alexander Beaver, Appellant.**

No. 26147.

Supreme Court of South Carolina.

Heard Feb. 15, 2006.
Decided May 8, 2006.

2

4

John D. Delgado and Kathrine H. Hudgins, both of Columbia, for Appellant.

Todd R. Ellis and Jonathan M. Milling, both of Smith Ellis & Stuckey, P.A., of Columbia, for Ellis, of Columbia, for Respondent.

Justice BURNETT:

In this appeal, we are asked to decide (1) whether an order unsealing a court record is immediately appealable and (2) whether the family court judge properly unsealed the record of a divorce proceeding in a limited manner at the request of a litigant in an unrelated civil action who is seeking information about the financial affairs of one of the divorce litigants.

In April 2002 the record of the divorce proceeding between Michelle W. Beaver and Rhett A. Beaver was sealed with the consent of the parties. A month later, Rhett Beaver (Beaver) pled guilty to an indictment charging him with mail fraud and agreed to forfeit certain personal property and cooperate with government officials investigating the matter. The indictment stemmed from Beaver's participation in an embezzlement scheme which defrauded Capital–U–Drive–It, Inc. (Capital), his employer, of some $551,864.

Capital brought a civil action in Lexington County Court of Common Pleas in 2002 against Beaver and his parents, Sylvia Beaver and the Estate of George Beaver, in an effort to recover embezzled funds. Capital moved before the family court to unseal the record of Beaver's divorce proceeding, asking for permission to review and copy all information in the

file pertaining to Beaver's financial affairs. Another family court judge granted Capital's motion and unsealed the record. The judge granted permission for Capital to inspect and copy all documents "wherein representations are made regarding money and assets earned, received or obtained by Rhett Beaver during the marriage, including but not limited to, representations regarding the amount and sources of income and what funds were obtained from Capital that were made in the divorce proceeding by Rhett Beaver, George Beaver, Sylvia Beaver or any other party making such declarations."

Beaver appealed. We certified this case for review from the Court of Appeals pursuant to Rule 204(b), SCACR.

## ISSUES

I. Is the order unsealing the record of a family court proceeding immediately appealable in this case?

II. Did the family court judge err in unsealing the record of a divorce proceeding in a limited manner at the request of a litigant in an unrelated civil action who is seeking information about the financial affairs of one of the divorce litigants?

## STANDARD OF REVIEW

A trial court order pertaining to the sealing or unsealing of the record of a court proceeding is reviewed for abuse of discretion. *See Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 599, 98 S.Ct. 1306, 1312–13, 55 L.Ed.2d 570 (1978); *Virginia Dept. of State Police v. Washington Post,* 386 F.3d 567, 575 (4th Cir.2004); *Siedle v. Putnam Investments, Inc.,* 147 F.3d 7, 10 (1st Cir.1998); *Providence Journal Co. v. Clerk of the Family Court,* 643 A.2d 210, 211 (R.I.1994); *A.P. v. M.E.E.,* 354 Ill.App.3d 989, 290 Ill.Dec. 664, 821 N.E.2d 1238, 1245 (1 Dist.2004). An abuse of discretion occurs when the judge's ruling is based upon an error of law, such as application of the wrong legal principle; or, when based upon factual conclusions, the ruling is without evidentiary support; or, when the judge is vested with discretion, but the ruling reveals no discretion was exercised; or when the ruling does not fall within the range of permissible decisions applicable in a particular case. *Fontaine v. Peitz,* 291 S.C. 536, 539, 354

S.E.2d 565, 566 (1987); *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 n. 6 (2d Cir.2001).

■ In a case raising a novel question of law, the appellate court is free to decide the question with no particular deference to the lower court. *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 411, 526 S.E.2d 716, 719 (2000) (citing S.C. Const. art. V, §§ 5 and 9, S.C.Code Ann. § 14–3–320 and –330 (1976 & Supp. 2005), and S.C.Code Ann § 14–8–200 (Supp. 2005)); *Osprey, Inc. v. Cabana Ltd. Partnership*, 340 S.C. 367, 372, 532 S.E.2d 269, 272 (2000) (same); *Clark v. Cantrell*, 339 S.C. 369, 378, 529 S.E.2d 528, 533 (2000) (same).

## LAW AND ANALYSIS

### I. APPEALABILITY OF ORDER UNSEALING FAMILY COURT RECORD

■ Beaver argues the order to unseal the record of a divorce proceeding is immediately appealable because, under the facts of this case, it is a final order issued by the family court which stands separate and apart from the civil lawsuit pending in circuit court between Capital and Beaver. Beaver relies on S.C.Code § 14–3–330(1) (1976). We agree.

■ The right of appeal arises from and is controlled by statutory law. *N.C. Fed. Sav. and Loan Assn. v. Twin States Dev. Corp.*, 289 S.C. 480, 347 S.E.2d 97 (1986). An appeal ordinarily may be pursued only after a party has obtained a final judgment. *Mid–State Distributors, Inc. v. Century Importers, Inc.*, 310 S.C. 330, 335, 426 S.E.2d 777, 780–81 (1993); S.C.Code Ann. § 14–3–330(1) (1976); Rule 72, SCRCP; Rule 201(a), SCACR.

The determination of whether a party may immediately appeal an order issued before or during trial is governed primarily by S.C.Code Ann. § 14–3–330 (1976 & Supp.2005). Absent a specialized statute, an order must fall into one of several categories set forth in Section 14–3–330 in order to be immediately appealable. *Hagood v. Sommerville*, 362 S.C. 191, 195, 607 S.E.2d 707, 708 (2005); *Baldwin Constr. Co. v. Graham*, 357 S.C. 227, 593 S.E.2d 146 (2004); *Woodard v. Westvaco Corp.*, 319 S.C. 240, 242, 460 S.E.2d 392, 393 (1995), *overruled on other grounds, Sabb v. S.C. State Univ.*, 350 S.C.

416, 567 S.E.2d 231 (2002); *Mid–State Distributors,* 310 S.C. at 333 n. 3, 426 S.E.2d at 780 n. 3.

■■ An order "involves the merits," as that term is used in Section 14–3–330(1)[1] and is immediately appealable when it finally determines some substantial matter forming the whole or part of some cause of action or defense. *Peterkin v. Brigman,* 319 S.C. 367, 461 S.E.2d 809 (1995); *Mid–State Distributors,* 310 S.C. at 334, 426 S.E.2d at 780; *Knowles v. Standard Savings & Loan Assn.,* 274 S.C. 58, 261 S.E.2d 49 (1979). The phrase "involving the merits" is narrowly construed in modern precedent. An order usually will be deemed interlocutory and not immediately appealable when there is some further act that must be done by the trial court prior to a determination of the parties' rights. *Mid–State Distributors,* 310 S.C. at 334–335, 426 S.E.2d at 780 (order denying motion to dismiss case based on lack of personal jurisdiction was not immediately appealable, as the litigant had "not arrived at the end of the road"); *Peterkin,* 319 S.C. 367, 461 S.E.2d 809 (order denying motion to enforce alleged settlement agreement was not immediately appealable); *Tatnall v. Gardner,* 350 S.C. 135, 138, 564 S.E.2d 377, 379 (Ct.App.2002) (order denying motion to amend pleadings to assert third party claims was not immediately appealable because the order did not determine a substantial matter forming the whole or part of some cause of action).

In the present case, the order issued by the family court unsealing the record determined a substantial matter forming the whole or part of the family court proceeding in which Capital sought access to the record of the Beavers' divorce. No further action is required in the family court to determine

---

1. Section 14–3–330(1) provides:

The Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases, and shall review upon appeal:
(1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; *provided,* that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from[.] (Emphasis in original.)

the parties' rights; therefore, the order is immediately appealable under Section 14–3–330(1).

■ Moreover, we agree with courts which have been inclined to find such an order immediately appealable because, after a court file is unsealed and the information released, no appellate remedy is likely to repair any damage done by an improper disclosure. "Compelling a party that disputes an unsealing order to forgo an appeal until the conclusion of the underlying litigation would let the cat out of the bag, without any effective way of recapturing it if the district court's directive was ultimately found to be erroneous." *Siedle v. Putnam Investments, Inc.,* 147 F.3d 7, 9 (1st Cir.1998) (quoting *Irons v. FBI,* 811 F.2d 681, 683 (1st Cir.1987)). These courts also explain that the usual method of reaching an appellate court—being held in contempt for refusal to comply—is not available to a litigant when the court chooses to unseal its own records. *See Virginia Dept. of State Police v. Washington Post,* 386 F.3d 567, 574 n. 4 (4th Cir.2004) (order unsealing district court documents may be immediately appealed under collateral order doctrine applicable in federal courts); *S.E.C. v. TheStreet.com,* 273 F.3d 222, 228 (2d Cir. 2001) (same); *Siedle,* 147 F.3d at 9 (same).[2]

Beaver also argues that, if the family court order is viewed as a discovery-related order issued in connection with the civil action in circuit court, then it is immediately appealable because it affects a substantial right pursuant to S.C.Code Ann. § 14–3–330(2) (1976). It is unnecessary to address this argument under the facts of this case.

We conclude the order to unseal the record of the family court proceeding, under the facts of this case, is immediately appealable pursuant to Section 14–3–330(1).

## II. UNSEALING RECORD OF DIVORCE PROCEEDING

■ Appellant argues the family court judge erred in unsealing the record of his divorce proceeding at the request of Capital, which seeks financial information about Appellant for potential use in an unrelated civil action Capital has filed against him. Appellant argues the family court judge who

---

**2.** Although the federal collateral order doctrine is not applied in our state courts, we believe the reasoning of these cases is sound.

initially sealed the record acted properly and his decision should remain in effect. Although Appellant concedes court records usually are open and public, he contends the privacy rights of family court litigants outweigh the presumption of access to their files. We disagree.

Initially, we note this case does not directly raise the broader issue of unfettered public access to an entire family court file previously sealed by a judge. The order unsealed the file only to allow Capital to review it and Capital will be allowed to copy and retain only specified information related to Appellant's financial affairs.

Public access to judicial proceedings and court records, in both criminal and civil trials, was commonplace and proper when the Bill of Rights was adopted in 1791, and was a right long enjoyed in England in preceding centuries. *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 564–80, 100 S.Ct. 2814, 2821–29, 65 L.Ed.2d 973, 981–92 (1980); *Gannett Co., Inc. v. DePasquale,* 443 U.S. 368, 386 n. 15, 99 S.Ct. 2898, 2908 n. 15, 61 L.Ed.2d 608, 625 n. 15 (1979); *In re Oliver,* 333 U.S. 257, 266–72, 68 S.Ct. 499, 504–07, 92 L.Ed. 682, 690–94 (1948); *Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1066–71 (3d Cir.1984). The Supreme Court stated in *Nixon v. Warner Commun., Inc.,* 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) that, under the common law,

[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.... American decisions generally do not condition enforcement of this right on a proprietary interest in the document or upon a need for it as evidence in a lawsuit. The interest necessary to support the issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies ... and in a newspaper publisher's intention to publish information concerning the operation of government.

It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.

10

*Id.* at 597–98, 98 S.Ct. at 1312, 55 L.Ed.2d at 579–80 (citations omitted); *Davis v. Jennings,* 304 S.C. 502, 505, 405 S.E.2d 601, 603 (1991).

 Judicial proceedings and court records are presumptively open to the public under the common law, the First Amendment of the federal constitution, and the state constitution. S.C. Const. art. I § 9 ("[a]ll courts shall be public"); *Davis,* 304 S.C. at 505, 405 S.E.2d at 603; *Nixon,* 435 U.S. at 597–98, 98 S.Ct. at 1312, 55 L.Ed.2d at 579–80; *Virginia Dept. of State Police v. Washington Post,* 386 F.3d 567, 575 (4th Cir.2004); *Anderson v. Cryovac, Inc.,* 805 F.2d 1, 13 (1st Cir.1986).

 Public access to court records may be restricted in certain situations, such as matters involving juveniles, legitimate trade secrets, or information covered by a recognized privilege. Restrictions may be based on a statute or the court's inherent power to control its own records and supervise the functioning of the judicial system. *See e.g.* S.C.Code Ann. § 20–7–755 (Supp.2005) (excluding general public from hearings which involve neglected, abused, or delinquent children); *Ex parte Greenville News,* 326 S.C. 1, 482 S.E.2d 556 (1997) (post-trial allegations of juror misconduct during murder trial may be publicly disclosed, but jurors' names and identifying information would be redacted to preserve juror privacy, thus satisfying requirement that closure be narrowly tailored to preserver higher values); *Jessup v. Luther,* 277 F.3d 926, 928 (7th Cir.2002) (when there is a compelling interest in secrecy, as in case of trade secrets, identity of confidential informants, and privacy of children, portions, and in extreme cases the entirety, of trial record may be sealed); *Doe v. Ashcroft,* 317 F.Supp.2d 488 (S.D.N.Y.2004) (ordering limited sealing of documents filed with court in a lawsuit challenging the constitutionality of a federal statute authorizing the government to obtain certain intelligence-related information in possession of communications service providers due to national security concerns, but establishing procedure by which public would have timely access to all non-sensitive information in the lawsuit).

Public access to courts and their records serves several fundamental interests which are crucial to the proper function-

ing of judicial and government systems. Public access discourages perjury and encourages bringing the truth to light because participants are less likely to testify falsely in a sunlit courtroom before their neighbors than in a private room before court officials. Public access promotes free discussion of governmental affairs by imparting a more complete understanding to the public of the judicial system and issues resolved by that system. Public access serves as a check on inappropriate or corrupt practices by exposing the judicial process to public scrutiny. Lawyers, witnesses, and judges may perform their duties in a more conscientious manner, knowing their conduct will be subject to public scrutiny either at the time of the proceeding or later through disclosure of court records. *See e.g. Press–Enterprise Co. v. Superior Court,* 464 U.S. 501, 505–10, 104 S.Ct. 819, 821–24, 78 L.Ed.2d 629, 635–38 (1984); *Richmond,* 448 U.S. at 564–80, 100 S.Ct. at 2821–29, 65 L.Ed.2d at 981–92; *Jessup,* 277 F.3d at 927–28; *Columbus–America Discovery Group v. Atlantic Mut. Ins. Co.,* 203 F.3d 291, 303 (4th Cir.2000).

 Litigants who carry disputes to a publicly funded forum for resolution must necessarily expect to surrender a good measure of their right to privacy. "A claim that a court file contains extremely personal, private, and confidential matters is generally insufficient to constitute a privacy interest warranting the sealing of the file. Likewise, prospective injury to reputation, an inherent risk in almost every civil lawsuit, is generally insufficient to overcome the strong presumption in favor of public access to court records." *Doe v. Heitler,* 26 P.3d 539, 544 (Colo.App.2001); *accord Siedle,* 147 F.3d at 10 ("mere fact that judicial records may reveal potentially embarrassing information is not in itself a sufficient reason to block public access"); *In re Fibermark, Inc.,* 330 B.R. 480, 508 (Bankr.D.Vt.2005) (Bankruptcy Code's exclusion to public disclosure of bankruptcy court records was never intended to save debtors or creditors from embarrassment, or to protect their privacy in light of countervailing statutory, constitutional, and policy concerns); *Doe v. New York Univ.,* 6 Misc.3d 866, 786 N.Y.S.2d 892, 902 (N.Y.Sup.2004) (embarrassment, damage to reputation, and general desire for privacy do not constitute good cause to seal court records).

12

In deciding whether to seal or unseal a court record, the court must make specific factual findings, on the record, which weigh the need for secrecy against the right of access. The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption. *Davis,* 304 S.C. at 506, 405 S.E.2d at 603.

The court must consider the following factors, pursuant to recently enacted Rule 41.1, SCRCP: (1) ensuring the parties' right to a fair trial or hearing; (2) the need for witness cooperation; (3) the reliance of the parties upon expectations of confidentiality of the proceeding; (4) the public or professional significance of the proceeding; (5) the perceived harm to the parties from disclosure; (6) why alternatives other than sealing the documents are not available to protect legitimate private interests; and (7) why the public interest, including, but not limited to, the public health and safety, is best served by sealing the documents.

In addition, the court may consider (8) public interest in the proceeding; (9) the private or public status of the litigants and case generally; (10) whether release would enhance the public's understanding of an important historical event; (11) whether the public already has access to information contained in the records; (12) whether a particular decision will sustain or offend the fundamental interests of public access, and any other relevant factors. *See Davis,* 304 S.C. at 505–06, 405 S.E.2d at 603–04 (requiring court to make specific factual findings, on the record, when deciding whether to seal court records); *Ex parte Columbia Newspapers, Inc.,* 286 S.C. 116, 333 S.E.2d 337 (1985) (vacating order closing transfer hearing because family court judge erred in failing to make specific findings that closure was necessary to protect rights of juveniles charged with murder); *Steinle v. Lollis,* 279 S.C. 375, 307 S.E.2d 230 (1983) (vacating magistrate's order excluding members of press from preliminary hearing in criminal case without specific findings upon the record to justify closing the proceeding); *Virginia Dept. of State Police,* 386 F.3d at 575 (listing factors).

As a general proposition, the records of the family court should be treated no differently than court records in

any other case when considering whether to seal or unseal such records. *In re Marriage of Lechowick*, 65 Cal.App.4th 1406, 77 Cal.Rptr.2d 395, 400 (1 Dist.1998). However, in family court matters, Rule 41.1(c), SCRCP, requires the judge to "also consider whether the settlement: 1) contains material which may expose private financial matters which could adversely affect the parties; and/or 2) relates to sensitive custody issues, and shall specifically balance the special interests of the child or children involved in the family court matter."

We conclude the family court judge properly unsealed the record to allow Capital access to information it may contain about Beaver's financial affairs. Applying the above factors, several weigh in favor of unsealing the record as ordered by the family court judge. The record contains no evidence pertaining to the parties' reliance upon expectations of confidentiality of the proceeding. Beaver has not shown a perceived harm from disclosure, other than asserting a general right to privacy. Capital seeks access to the records for a legitimate purpose in connection with its unrelated civil action against Beaver. Unsealing the record will serve the fundamental interests of public access, especially the goal of bringing the truth to light.

Weighing in favor of keeping the record sealed are the fact that the Beavers' divorce proceeding, as is usually the case, has little public or professional significance to anyone except the parties involved in the divorce proceeding and Capital's lawsuit. Similarly, disclosure is not likely to enhance the public's understanding of an important historical event and there is little or no public interest in the Beavers' case. The litigants are private parties, not celebrities or public officials. The Beavers' file contains material which may expose private financial matters which could adversely affect the parties, but this is of no concern because access to the file is limited only to Capital.[3]

In sum, Beaver has not overcome the presumption of access to family court records by demonstrating that his interest in

---

3. Two factors, the right to a fair hearing and need for witness cooperation, are not relevant because the divorce proceeding has ended. Another factor, the impact on sensitive child custody issues, is not implicated.

secrecy or privacy outweighs the presumption of access. We conclude the family court judge did not abuse his discretion in unsealing the record of Beaver's divorce proceeding to allow Capital to review and copy information about Beaver's financial affairs.

## CONCLUSION

The family court order to unseal the record of the family court proceeding, under the facts of this case, is immediately appealable pursuant to Section 14–3–330(1). The family court did not abuse its discretion in unsealing the record of Beaver's divorce proceeding to allow Capital to review and copy information about Beaver's financial affairs.

**AFFIRMED.**

TOAL, C.J., MOORE, J., and Acting Justice DONALD W. BEATTY, concur.

PLEICONES, J., concurring in part, dissenting in part in a separate opinion.

Justice PLEICONES, concurring in part, dissenting in part.

I concur in the majority's conclusion that the order of the family court unsealing the divorce record is immediately appealable, but only because this is a final judgment of the family court. As the majority observes, "No further action is required in the family court to determine the parties' rights. . . ." In my opinion, no further discussion is necessary.

I respectfully dissent from the majority's holding that the family court properly ordered the unsealing of the record in this case. I agree with the test formulated in the majority opinion for determining whether a record should be unsealed. I differ with the majority opinion's placement of the burden of persuasion on Appellant, the opponent of the motion to unseal the record. In my opinion, the proponent of the motion, Capital, is the party that should bear the burden of persuasion. The burden of persuasion for sealing the record was met in the first instance before the family court. Imposing on Appellant a perpetual burden of keeping the record sealed is inappropriate. *See, e.g., Welch v. Welch,* 48 Conn.Supp. 19,

828 A.2d 707 (2003) (holding that "if the court determines that the papers and records should be kept confidential, the burden to show good cause would be upon the party requesting to unseal or open the documents"); *but see, e.g., Ark. Best. Corp. v. Gen. Elec. Capital Corp.*, 317 Ark. 238, 878 S.W.2d 708 (1994) (holding that "[a]lthough the decision we review is that of declining to unseal the records, the issue is whether the records should have been sealed in the first place," and the "[o]ne who seeks to overcome the expectation of access bears the burden of establishing the requisite important state interest") (internal quotation omitted).

Because the family court placed the burden of persuasion on Appellant, I would reverse the decision and remand the case to the family court for a new hearing, with Capital bearing the burden of persuasion.