23404

C.G. DAVIS and Dallas R. Jamison, d/b/a Foxhill Realty, a partnership, Respondents v. Doyle W. JENNINGS, Nancy K. Jennings, George Shinn, George Shinn and Associates, Inc., and Charlotte Baseball, Inc., Respondents, The Charlotte Observer, a Division of The Knight Publishing Company, Intervenor-Appellant.

(405 S.E. (2d) 601)

Supreme Court

*Stephen R. McRae, Jr.* of *Kennedy, Covington, Lobdell & Hickman,* Rock Hill, *Carl F. Muller, Wallace K. Lightsey,*

and *David Freeman* all of *Wyche, Burgess, Freeman & Parham, P.A.*, Greenville, and *Jonathan E. Buchan, Jr.* of *Smith, Helm, Mullis & Moore*, Charlotte, N.C., *for intervenor-appellant.*

*S. Jackson Kimball* of *Kimball & Dove*, Rock Hill, *for C.G. Davis, et al.*

*B. Bayles Mack* of *Mack & Mack*, Fort Mill, and *Terrell L. Glenn* and *Robert E. Stepp* both of *Glenn, Ervin, Murphy, Gray & Stepp*, Columbia, *for Doyle W. Jennings, et al.*

Heard March 18, 1991.

Decided May 20, 1991.

CHANDLER, Justice:

The Charlotte Observer (Newspaper) appeals an Order denying its motion to intervene in an action between C.G. Davis, et al, and Doyle Jennings, et al, (Respondents).

We reverse and remand.

## FACTS

Respondents were parties to a Common Pleas action involving sale of property in York County. The dispute was settled and, on December 29, 1989, the trial court entered orders dismissing the case with prejudice and sealing the record.

On January 25, 1990, Newspaper's motion to intervene in order to object to the sealing of the record was denied.

## ISSUES
1. Was Newspaper entitled to intervenor status?
2. Was Newspaper entitled to have the record unsealed?

## DISCUSSION

### I. INTERVENTION

Rule 24, S.C.R.C.P.,[1] governing intervention, does not specifically provide for intervention by parties seeking access to sealed records; however, many courts hold that challenges to protective orders are appropriately raised

---

[1] This rule is materially the same as Federal Rule 24.

through motions to intervene. *See, Public Citizen v. Liggett Group, Inc.,* 858 F. (2d) 775 (1st Cir. 1988) *cert. denied* 488 U.S. 1030, 109 S. Ct. 838, 102 L. Ed. (2d) 970 (1989); *Rushford v. New Yorker Magazine, Inc.,* 846 F. (2d) 249 (4th Cir. 1988); *Mokhiber v. Davis,* 537 A. (2d) 1100 (D.C. App. 1988); *C.L. v. Edson,* 140 Wis. (2d) 168, 409 N.W. (2d) 417 (Ct. App. 1987); *In re Beef Industry Antitrust Litigation,* 589 F. (2d) 786 (5th Cir. 1979). Here, Newspaper's motion is distinguished from those in which party-litigant status is sought; rather, its motion is for the sole and limited purpose of challenging a protective order. In *Mokhiber,* the Court of Appeals for the District of Columbia articulated the distinction:

> Ordinary principles applicable to intervention do not work well here. The filing of a motion to intervene is simply recognized as an appropriate means of raising assertions of public rights of access to information regarding matters in litigation. Intervention of this type . . . is provisional in nature and for the limited purpose of permitting the intervenor to file a motion, to be considered separately, requesting that access to proceedings or other matters be granted.

537 A. (2d) at 1104-1105 [citing *Commonwealth v. Fenstermaker,* 515 Pa. 501, 530 A. (2d) 414, 416 n. 1 (1987)].

We find Rule 24 appropriate for third-party challenges to protective orders.

> We reject respondents' contention that Newspaper's motion was untimely. Courts have adopted a four-part test for determining timeliness:

> (1) the time that has passed since the applicant knew or should have known of his or her interest in the suit; (2) the reason for the delay; (3) the stage to which the litigation has progressed; and (4) the prejudice the original parties would suffer from granting intervention and the applicant would suffer from denial.

*Mokhiber,* 537 A. (2d) at 1104; *see also Public Citizen,* 858 F. (2d) at 785-787.

Here, the test is met. Newspaper had no reason to seek intervention prior to the sealing of the records. Moreover, its motion was filed within one month of the order. With regard

to prong three of the test, we again cite *Mokhiber:*

> The fact that a suit has gone to judgment does not in any sense militate against the public's right to see the records of a particular case. . . . It is important to note that, particularly when a case has been settled, the fact that a motion to intervene is filed after judgment may prove relevant to the *merits* of the intervenor's access claim. . . . But the applicant need not plead extraordinary . . . circumstances to show that the intervention motion itself was timely.

*Mokhiber,* 537 A. (2d) at 1105 (Emphasis in original).

Finally, with regard to prong four relating to prejudice to the parties, the First Circuit Court of Appeals recently stated:

> It is necessary to ask *why* a would be intervenor seeks to participate, for if the desired intervention relates to an ancillary issue and will not disrupt the resolution of the underlying merits, untimely intervention is much less likely to prejudice the parties.

*Public Citizen,* 858 F. (2d) at 786 (Emphasis in original).

Nothing in the record before us unduly prejudices Respondents. Any claim of prejudice should be addressed by the trial court and a determination made.

Accordingly, the order denying Newspaper intervenor status is reversed.

## II. SEALED RECORDS

We have not previously addressed the requirements necessary to the sealing of judicial records. The trial court here stated merely that "it believed sealing the record would encourage private settlement between the parties." While this may be an appropriate *factor*, it is, standing alone, insufficient.

"The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S. Ct. 1306, 1312, 55 L. Ed. (2d) 570, 579 (1978). This presumption of access, however, may be rebutted where "counter-vailing interests outweigh

the public interests in access." *Rushford v. New Yorker Magazine, Inc.,* 846 F. (2d) 249, 253 (4th Cir. 1988). "The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *Bank of America National Trust v. Hotel Rittenhouse,* 800 F. (2d) 339, 344 (3rd Cir. 1986).

On the record before us, Respondents make no such showing. There is no evidence that the order was instrumental in reaching the settlement, or that it remains necessary for protection of the parties' interests. Accordingly, we remand for a trial court determination based upon all relevant factors.

Hereafter, when a protective order sealing the record is sought, the trial court shall make specific factual findings, on the record, which weigh the need for secrecy against the right of access. Factors to be considered may not be limited to, but should include: the ensuring of a fair trial; the need for witness cooperation; the reliance of the parties upon confidentiality; the public or professional significance of the lawsuit; and the harm to parties from disclosure. *See, e.g., Mokhiber,* 537 A. (2d) at 1116-1117.

Reversed and remanded.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.

