617 S.E.2d 730

The ISLAND PACKET, Petitioner,

v.

Marvin F. KITTRELL, in his official capacity as Chief Judge, Administrative Law Court, Respondent.

No. 26021.

Supreme Court of South Carolina.

Heard March 15, 2005.

Decided Aug. 8, 2005.

Carl F. Muller, of Wyche, Burgess, Freeman & Parham, P.A., of Greenville; Jay Bender, of Baker, Ravenel & Bender, LLP, of Columbia; and John Carroll Moylan, III, of Wyche, Burgess, Freeman & Parham, P.A., of Columbia, for petitioner.

A. Camden Lewis, Keith M. Babcock, and Ariail E. King, of Lewis, Babcock & Hawkins, L.L.P., of Columbia, for respondent.

Clifford O. Koon, Jr., of Moses Koon & Brackett, P.C., of Columbia, for the S.C. Department of Labor, Licensing and Regulation, Board of Medical Examiners.

Robert L. Widener and Celeste T. Jones, of McNair Law Firm, P.A., of Columbia, for Anonymous Physician.

James M. Holly, of Hull, Towill, Norman, Barrett & Salley, P.C., of Aiken, for Amici Curiae The Associated Press, The State–Record Co., Inc., Evening Post Publishing Co., Inc., and the South Carolina Press Association.

William L. Pope, of Pope & Rodgers, of Columbia, for Amici Curiae The Reporters Committee for Freedom of the Press, American Society of Newspaper Editors, Radio–Television News Directors Association, and Society of Professional Journalists.

Justice MOORE:

Petitioner, The Island Packet, commenced this action by filing a petition for original jurisdiction. The petition arose from three decisions by the Administrative Law Court (ALC). Island Packet contends the ALC engaged in closed, interlocutory reviews of the Board of Medical Examiner's (Board's) attempts to regulate a physician who may have a serious substance abuse problem. Island Packet requests we require the ALC to issue a written order explaining its decision to close a 2004 review of the Medical Board's order despite Island Packet's requests to be present and to be given an opportunity to object to any attempt to close the proceedings.

We accepted this matter in our original jurisdiction to determine the scope of the ALC's authority to review interlocutory orders in physician disciplinary proceedings and to determine whether the ALC is required to issue an order, making specific findings, to close physician disciplinary matters before the ALC.

## FACTS

The Board issued its first order of temporary suspension against Anonymous Physician[1] on July 31, 2001. In that order, the Board suspended Anonymous Physician's license to practice medicine because it found that since January 1996, the physician had been arrested and charged with driving under the influence on three occasions, leaving the scene of an accident on one occasion, driving to the left of center on one occasion, open container on two occasions, and no driver's license in possession on one occasion. Three days later, the ALC issued an order superseding the order of temporary suspension, finding the Board had not presented competent evidence of a substance abuse problem. The ALC found the affidavit submitted by the Board's investigator was insufficient evidence to support the finding the physician was a danger to the public or suffered an alcohol abuse problem because the charges against him had not resulted in convictions.

On August 15, 2001, the Board issued its second order concerning Anonymous Physician. The second order required the physician to participate in an evaluation to determine whether he suffered from a disability that would render his continued practice of medicine dangerous to the public. A few days later, the ALC held an emergency hearing and superseded the Board's second order based on the reasoning in its first order. In addition, on October 5, 2001, the ALC issued an order directing that all records be sealed until further order of the ALC. The ALC determined that the orders issued by the Board were not final orders and were, therefore, not subject to public disclosure pursuant to S.C.Code Ann. § 40–47–213 (2001).[2]

Subsequently, the Board attempted to discipline Anonymous Physician again. On April 26, 2002, it issued a formal complaint against the physician citing his past and current alcohol problems. On May 24, 2004, the Board issued an order placing the physician on temporary suspension. This order

---

1. The Anonymous Physician has since been ordered to cease the practice of medicine. This order was made public on the Board's website. *See http://www.llr. state.sc.us/pol/ medical.*

2. Section 40–47–213 has since been amended by the Legislature by Act No. 150, § 2 (2005). *See Note 6 infra.*

was posted on the Board's web site the next day and was disseminated to the media. According to the order, the Board had received information that the physician had "appeared in the emergency room at Hilton Head Medical Center to treat a patient while [he] was impaired .... [he] was asked to leave the emergency room and another physician assumed the patient care...."

The order also recites a letter to the Board from the Hilton Head Regional Medical Center's director. The letter advises that the physician was summarily suspended from the medical center on March 16, 2004, due to possible impairment while on call for the emergency department. The order further notes the physician had failed to comply with the recommendations of the Recovering Professionals Program (RPP) and concludes his addiction to alcohol rendered him unfit to practice medicine and that his refusal to cooperate and abide by his agreement with the RPP constituted a serious threat to the public's health, safety, and welfare.

During this time, Island Packet wrote the ALC to request the opportunity to be present at any hearing concerning Anonymous Physician and to object to any attempts to close such a hearing. Notwithstanding Island Packet's requests, by May 26, the order of temporary suspension was removed from the Board's website and replaced with the following statement: "No disciplinary action taken by the Board. This certifies that the above licensee is in good standing." The next day, Island Packet again wrote the ALC and requested production of any order issued by the ALC related to this matter. The ALC did not respond.

Ultimately, Anonymous Physician and the Board resolved the matter and entered into a Consent Order, which provided the Board would dismiss the formal complaint and order of temporary suspension of May 24, 2004. This consent order was approved and signed by the ALC and issued on June 17, 2004. The consent order provided that it was not a final order and that all records were to remain under seal.

## ISSUES

I. What is the scope of authority of the Administrative Law Court to review interlocutory orders in physician disciplinary proceedings?

II. Is the Administrative Law Court required to issue an order setting forth specific findings regarding closure of physician disciplinary proceedings?

## DISCUSSION

### I

Island Packet argues the ALC does not have the authority to review interlocutory matters in physician disciplinary proceedings. We find the Board's orders of temporary suspension and the 2001 order requiring Anonymous Physician to undergo an evaluation were not "final orders" and were not immediately appealable to the ALC.

■ The 2004 order states, "Respondent's license to practice medicine in this state is hereby temporarily suspended, effective immediately, *pending hearing and until further Order of the Board.*" (Emphasis added).[3] The 2001 order of temporary suspension states similar language. The language of the orders clearly indicates they are not final.

Further, the Board's description of its disciplinary procedures posted on its website[4] states: "After the required hearings and a review of all evidence, the Board issues a Final Order." Under the heading, "Appeals from Orders," the Board states: "The State or the licensee may appeal a final order of the Board within thirty days. All appeals are first taken to the Administrative Law Judge Division." Therefore, a required hearing must be held before an order is final. This is further evidence that the order of temporary suspension is

---

3. The order of temporary suspension is analogous to an order of interim suspension in the attorney and judicial disciplinary contexts. *See* Rule 17(b), RLDE, of Rule 413, SCACR ("Upon receipt of sufficient evidence demonstrating that a lawyer poses a substantial threat of serious harm to the public or to the administration of justice, the Supreme Court may suspend the lawyer . . . pending a final determination in any proceeding under these rules.") and Rule 17(b), RJDE, of Rule 502, SCACR (same except substituting "judge" for "lawyer"). In those contexts, the order of interim suspension is public. Rule 17(d), RLDE, of Rule 413, SCACR, and Rule 17(d), RJDE, of Rule 502, SCACR.

4. *See www.llr.state.sc.us/ pol/medical/index. asp?file=Disc20 Procedure.htm*

not final in this case given that the Board indicated there would later be a hearing and a further order of the Board. While the orders were not final, the question remains whether the orders are appealable to the ALC.

S.C.Code Ann. § 1–23–600(D) (2005) states: "An administrative law judge also shall preside over all hearings of appeals from *final decisions* of contested cases before professional and occupational licensing boards or commissions within the Department of Labor, Licensing and Regulation, *or as otherwise provided by law,* pursuant to Section 1–23–380." (Emphasis added). Pursuant to S.C.Code Ann. § 1–23–380 (2005), the ALC has the authority to review final decisions of the Medical Board.

Section 1–23–380(A), under the chapter entitled, "State Agency Rule Making and Adjudication of Contested Cases," provides:

> A party who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this article, Article 1, and Article 5.... *A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.*

(Emphasis added).[5]

■■ The language of § 1–23–380(B) clearly allows the ALC to review a "final" decision of the Board. However, pursuant to subsection (A) of § 1–23–380, which is incorporated into subsection (B) by reference, the language is also clear that "[a] preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy." Therefore, a physician has the ability to appeal an interlocutory disciplinary decision by the Board if a review of the final decision would not provide an adequate remedy. We conclude

---

5. Section 1–23–380(B) provides that "[r]eview by an Administrative Law Judge of a final decision in a contested case decided by a professional and occupational licensing board within the Department of Labor, Licensing, and Regulation[, of which the Medical Board is a part,] shall be done in the same manner prescribed by (A) for circuit court review of final agency decisions...."

the temporary suspension orders were not immediately reviewable because review of the final agency decision would provide an adequate remedy for Anonymous Physician.

We note that one day after the Board issued the 2004 order of temporary suspension, the Board placed the order on its website and disseminated the order to the media. This order not only stated that the Anonymous Physician was suspended but also detailed the underlying facts of the complaint against Anonymous Physician. One day later, the Board removed the information. Regarding this publication, if the Board had refused to remove the information from its website, then Anonymous Physician could have requested the ALC order the Board to remove the publicized information. In that particular case, the review of a final decision by the Board would not provide an adequate remedy for the publication of Anonymous Physician's discipline. However, because the Board quickly acted to remove the offending information, Anonymous Physician was no longer an aggrieved party because he received the relief he desired without having to seek relief from the ALC.[6]

The 2001 order, requiring that Anonymous Physician undergo a mental or physical examination, also was not immediately appealable to the ALC and the ALC should not have superseded this order. Awaiting a final decision in that matter would not prevent the physician from receiving an adequate remedy as envisioned by the statute.

Therefore, the temporary suspension orders and the evaluation order were not immediately appealable to the ALC. We refrain from stating a general rule that any interlocutory order by the Board is or is not immediately appealable to the ALC. The language of § 1–23–380(A) indicates that whether an intermediate action or ruling is immediately reviewable is to be decided on a case-by-case basis, *i.e.* whether a review of the final decision would not provide an adequate remedy.

---

6. We note that Section 40–47–213 has since been amended by the Legislature by Act No. 150, § 2 (2005). Under current law, a proceeding before the Board becomes public once a formal complaint is made regarding allegations of misconduct. Once the formal complaint becomes available for public inspection, subsequent records and proceedings, such as the issuance of a temporary suspension, must be open to the public, subject to certain limitations.

## II

■ Island Packet and the Medical Board argue the ALC erred by not issuing an order setting forth specific findings regarding its decision to close these proceedings. We conclude the ALC is required to issue an order that states findings which explain the balancing of the interests involved and the need for closure of the proceeding.

Section 1–23–600(A) provides: "Proceedings before administrative law judges are open to the public *unless confidentiality is allowed or required by law* ... The decisions or orders of administrative law judges are not required to be published, but are available for public inspection *unless the confidentiality thereof is allowed or required by law.*" (Emphasis added). Therefore, to decide whether the ALC proceedings were properly sealed, we must determine whether confidentiality is required by other law.

South Carolina Code Ann. § 40–47–213 (2001) provides:

> No person ... may mention the existence of the complaint, investigation, or other proceeding, disclose any information pertaining to the complaint, investigation, or other proceeding, or discuss any testimony or other evidence in the complaint, investigation, or other proceeding, except to persons involved and having a direct interest in the complaint, investigation or other proceeding, and then only to the extent necessary for the proper disposition of the complaint, investigation, or other proceeding.... Nothing contained in this section may be construed so as to prevent the board from making public a copy of its final order in any proceeding as authorized or required by law.[7]

---

7. Section 40–47–213 has since been amended by the Legislature. *See* Act No. 150, § 2 (2005). Regarding public disclosure of a proceeding before the Board, section 40–47–213 (2005) now provides:

> ... (B) When a formal complaint is made regarding allegations of misconduct, the formal complaint and an answer must become available for public inspection and copying ten days after the filing of the answer or, if no answer is filed, ten days after the expiration of the time to answer. Once the formal complaint becomes available for public inspection and copying, subsequent records and proceedings relating to the misconduct allegations must be open to the public except as otherwise provided in this section.

South Carolina Reg. 81–20 and S.C. Reg. 81–26 both elaborate on the privacy of physician disciplinary proceedings. Reg. 81–20 states: "all proceedings and documents relating to formal complaints and hearings thereon and to proceedings in connection therewith shall be private." Reg. 81–26 likewise provides: "All proceedings and documents relating to formal complaints and hearings thereon and to disciplinary proceedings in connection therewith shall be private.... All proceedings and records pertaining to any disciplinary proceedings, except final orders of the Board ... shall be the private records of the Board...."

 Pursuant to former § 40–47–213 and the regulations, it is clear that physician disciplinary proceedings are confidential until a final order is issued or unless the physician requests that the proceedings be made public.[8] Therefore, the

---

(1) Patient records and identities shall remain confidential unless the patient or legal representative of the patient consents in writing to the release of the records.

(2) If allegations of incapacity of licensee due to physical or mental causes are raised in the complaint or answer, all records, information, and proceedings, relating to those allegations of incapacity must remain confidential; provided, however, any order relating to the licensee's authorization to practice must be made public, but the order must not disclose the nature of the incapacity.

(C) Once a proceeding becomes public as provided in this section, there is a presumption that any hearing, other proceeding, or record must remain public unless a party to a proceeding makes a showing on the record before the board, hearing officer, or panel that closure of the hearing or the record, in whole or in part, is essential to protect patients, witnesses, or the respondent from unreasonable disclosure of personal or confidential information. Public notice must be given of the request or motion to close any portion of a hearing or record, and the board, hearing officer, or panel shall provide an opportunity for a person opposing the closure to be heard prior to the decision on closure being made.

(D) Subject to the right of public access and utilizing the procedure regarding closure described in this section, a witness in a proceeding or a patient whose care is at issue in a proceeding may petition the board, hearing officer, or panel for an order to close the hearing or record, in whole or part, to protect the witness or patient from unreasonable disclosure of personal or confidential information....

8. In contrast to the former law, in the attorney and judicial disciplinary contexts, once formal charges (analogous to the formal complaint in the physician disciplinary context) are filed, the formal charges and any answer become public 30 days after the filing of the answer or, if no answer is filed, 30 days after the expiration of the time to answer. Rule

ALC did not err by sealing the records involved in this case given the Board had not issued a final order.[9] However, the manner in which the ALC closed the proceedings was inappropriate and did not comply with South Carolina law. Although the ALC is not a court, it is a public body; and, as a public body, the ALC is required to make specific, express findings of fact when faced with an issue in which there is a dispute. *See Video Gaming Consultants, Inc. v. South Carolina Dep't of Rev.*, 342 S.C. 34, 535 S.E.2d 642 (2000) (ALC is agency of executive branch of government and must follow law as written until its constitutionally is judicially determined); *Able Communications, Inc. v. South Carolian Pub. Serv. Comm'n,* 290 S.C. 409, 351 S.E.2d 151 (1986) (where material facts are in dispute, administrative body must make specific, express findings of fact). The factors to be considered by the ALC may not be limited to, but should include: the ensuring of fairness; the need for witness cooperation; the reliance of the parties upon confidentiality; the public or professional significance of the proceeding; and the harm to parties from disclosure. *See Davis v. Jennings,* 304 S.C. 502, 405 S.E.2d 601 (1991). Therefore, we find the ALC is required to make specific findings of fact when it decides to close the proceedings before it and when the closure of the proceedings is challenged.

In the ALC's order sealing the records, the ALC stated § 40–47–213 and the regulations provided that the matters were confidential until the Board had issued a final order. The ALC then discussed the two 2001 orders issued by the Board and explained that those orders were not final. The ALC noted that the conclusion that the physician's disciplinary matters were not subject to public disclosure was "even more compelling in light of the fact that in both of [the] matters, the Orders of the Board have been vacated and the cases have been remanded to the Board for further proceedings."

---

12(b), RLDE, of Rule 413, SCACR, and Rule 12(b), RJDE, of Rule 502, SCACR.

9. The Board argues the statutes and regulations are limited to matters before the Board. However, this ignores the fact that the ALC's review occurred after a temporary suspension and not after a final decision by the Board. Pursuant to the then-existing statutes and regulations, the proceedings are confidential until a final decision is made; therefore, the ALC appropriately closed the proceedings.

The ALC's order does not comply with South Carolina law because specific findings regarding why the proceedings should be closed were not made on the record. While the ALC did not err by closing the proceedings given the disciplinary proceedings were still in the investigatory stage, the ALC is still required to make specific findings on the record, especially given the fact Island Packet had directly requested an opportunity to be present and privy to the proceedings. The ALC should have engaged in an analysis that balanced the interests of the physician and the public and should have explained the need for closure. Therefore, the ALC could not seal the records until after specific findings, as to why closure was necessary, were made on the record. Because the findings were not made, this matter is remanded to the ALC for that purpose.

## CONCLUSION

We find, pursuant to § 1–23–380(A), the Board's temporary suspension orders and the evaluation order were not immediately appealable to the ALC. We further find the ALC is required to make specific findings, on the record, balancing the interests of the physician and the public and explaining the need for closure of the disciplinary proceedings. Therefore, the decisions of the ALC are

**REVERSED AND REMANDED.**

TOAL, C.J., WALLER and BURNETT, JJ., and MARY E. BUCHAN, Acting Justice, concur.