650 S.E.2d 462

## Re INTERIM GUIDANCE REGARDING PERSONAL DATA IDENTIFIERS AND OTHER SENSITIVE INFORMATION IN APPELLATE COURT FILINGS.

Supreme Court of South Carolina.

Aug. 13, 2007.

## ORDER

Under the Federal Constitution, our State Constitution, and our common law, court records are presumptively open to the public, and these records may only be sealed by a court based on specific findings that the need for secrecy outweighs the presumption of openness. *Ex parte Capital U–Drive–It, Inc.,* 369 S.C. 1, 630 S.E.2d 464 (2006); *Davis v. Jennings,* 304 S.C. 502, 405 S.E.2d 601 (1991). Therefore, with some few exceptions,[1] documents filed with this Court or the South Carolina Court of Appeals (appellate court) are available to the public unless sealed by order of the appellate court in which the matter is pending.

Several commercial vendors have recently requested copies of briefs filed with the appellate courts, and it is anticipated that these and other appellate filings will be available electronically from both private and public sources in the future. The ready availability of these documents raises significant privacy concerns. While this problem is currently under review by the Chief Justice's Task Force on Public Access to Court Records, we adopt the following interim guidance regarding personal data identifiers and other sensitive information in documents filed in the appellate courts.

Parties shall not include, or will partially redact where inclusion is necessary, the following personal data identifiers from documents filed with an appellate court:[2]

---

1. See, *e.g.,* Rule 12 of the Rules for Lawyer Disciplinary Enforcement contained in Rule 413, SCACR; Rule 12 of the Rules for Judicial Disciplinary Enforcement contained in Rule 502, SCACR; Rule 402(n), SCACR; and Rule 403(*l*), SCACR.

2. This restriction shall not apply when this information is required or requested by the appellate court. For example, the application for

1.  Social Security Numbers.  If a social security number must be included, only the last four digits of that number should be used.

2.  Names of Minor Children.  If a minor is the victim of a sexual assault or is involved in an abuse or neglect case, the minor's name will be completely redacted and a term such as "victim" or "child" should be used.  In all other cases, only the minor's first name and first initial of the last name (*i.e.,* John S.) should be used.

3.  Financial Account Numbers.  If financial account numbers are relevant, only the last four digits of these numbers should be used.

4.  Home Addresses.  If a home address must be included, only the city and state should be used.

Parties wishing to file documents containing the personal data identifiers listed above may file unredacted documents under seal, together with redacted versions for the public file. The sealed unredacted documents shall be filed in a separate Appendix and the bottom of each page of the Appendix shall be marked "Sealed."  No order of the appellate court will be required to file this sealed Appendix.  The number of copies of the Appendix to be served and filed shall be the same as that required for the brief, record on appeal, motion or other filing that includes the redacted documents.

If the caption of the case contains any of the personal data identifiers listed above, the parties should file a motion to amend the caption to redact the identifier.  This should be done contemporaneously with the filing of the notice of appeal or the commencement of the case with the appellate court. Without a motion to the appellate court, the caption of a juvenile delinquency matter from the family court shall be redacted to only use the juvenile's first name and first letter of the juvenile's last name (*i.e.,* In the Interest of John S., a Juvenile.)

A party seeking to seal material beyond those personal identifiers listed above, must file a motion to seal with the appellate court in which the matter is pending.  This is true even if the lower court or administrative tribunal may have

admission to practice law under Rule 402, SCACR, requires many of these personal identifiers to be disclosed.

58

issued an order sealing the record. Until the motion is ruled on, the clerk of the appellate court shall treat the material as if it is sealed. Parties and counsel are reminded that the standard established in *Ex parte Capital U–Drive–It, Inc.* and *Davis v. Jennings, supra,* must be met before any request to seal all or a portion of a record will be granted. Once sealed by order of an appellate court, the materials will remain sealed before the appellate courts unless otherwise ordered by the appellate court in which the matter is pending.

Parties should exercise caution in including other sensitive personal data in their filings, such as personal identifying numbers, medical records, employment history, individual financial information, proprietary or trade secret information, information regarding an individual's cooperation with the government, information regarding the victim of any criminal activity, or national security information.

Attorneys are expected to discuss this matter with their clients so that an informed decision can be made about the inclusion of sensitive information. *The appellate courts and their staff will not review filings for redaction or to determine if materials should be sealed; the responsibility for insuring that information is redacted or sealed rests with counsel and the parties.*

IT IS SO ORDERED.

JEAN H. TOAL, C.J., JAMES E. MOORE, JOHN H. WALLER, JR., J.E.C. BURNETT, III, and COSTA M. PLEICONES, JJ.