757 S.E.2d 421

## Re REVISED ORDER CONCERNING PERSONAL IDENTI-FYING INFORMATION AND OTHER SENSITIVE IN-FORMATION IN APPELLATE COURT FILINGS.

Appellate Case No. 2013–002681.

Supreme Court of South Carolina.

April 15, 2014.

## ORDER

On August 13, 2007, this Court issued an interim Order concerning the use of personal data identifiers in documents filed in the Supreme Court and the Court of Appeals (appellate court). In the Order, the Court noted that, under the Federal Constitution, our State Constitution, and our common law, court records are presumptively open to the public. The Court also observed the electronic availability of documents filed in the appellate court raised significant privacy concerns for parties in appeals. Since that time, the appellate court has created and implemented the South Carolina Appellate Case Management System. This system currently allows the public to view documents filed in appeals in limited types of civil appeals via the internet. Furthermore, the General Assembly has enacted legislation specifically prohibiting parties from filing documents containing certain personal identifying information. *See* S.C.Code Ann. § 30–2–330(A).

We reiterate that parties shall not include, or will partially redact where inclusion is necessary, personal identifying information from documents filed with the appellate court.[1] Documents filed in the appellate court shall not include the following:

1. Social Security Numbers, Taxpayer Identification Numbers, Driver's License Numbers, Passport Numbers or any

---

1. We also reiterate that the restriction shall not apply when this information is required or requested by the appellate court. For example, the application for admission to practice law under Rule 402, SCACR, requires many of these personal identifiers to be disclosed. This information will remain private.

other Personal Identifying Numbers. If it is necessary to include personal identifying numbers in a document, the parties should utilize some other identifier. *Parties shall not include any portion of a social security number in a filing.*

2. Names of Minor Children. If a minor is the victim of a sexual assault or the victim in an abuse or neglect case, the minor's name must be completely redacted and a term such as "victim" or "child" should be used. In all other cases, the minor's first name and first initial of the last name (i.e., John S.), or only the minor's initials (i.e., J.S.) should be used.

3. Financial Account Numbers, including any type of Bank Account Numbers, Personal Identification Number (PIN) Code, or Passwords. If financial account numbers are relevant, only the last four digits of these numbers should be used.

4. Home Addresses of minors, sexual assault and abuse and neglect victims, and non-parties. If a home address of a minor, sexual assault victim, or non-party must be included, only the city and state should be used.

5. Date of Birth. If a date of birth must be included, only the year of birth should be included.

If the caption of the case contains any of the personal data identifiers listed above, the parties should file a motion to amend the caption to redact the identifier. This should be done contemporaneously with the filing of the notice of appeal or the commencement of the case with the appellate court. Without a motion to the appellate court, the caption of a juvenile delinquency matter from the family court shall be redacted to only use the juvenile's first name and first letter of the juvenile's last name (i.e., In the Interest of John S., a Juvenile.)

A party seeking to seal material beyond those personal identifiers listed above must file a motion to seal with the appellate court in which the matter is pending. This is true even if the lower court or administrative tribunal may have issued an order sealing the record. Until the motion is ruled on, the clerk of the appellate court shall treat the material as if it is sealed. Parties and counsel are reminded that the standard established in *Ex parte Capital U–Drive–It, Inc.*, 369 S.C. 1, 630 S.E.2d 464 (2006), and *Davis v. Jennings*, 304 S.C.

502, 405 S.E.2d 601 (1991), must be met before any request to seal all or a portion of a record will be granted. Once sealed by order of an appellate court, the materials will remain sealed before the appellate courts unless otherwise ordered by the appellate court in which the matter is pending.

A filing that contains redacted information may be filed together with a confidential reference list that identifies each item of redacted information and specifies an appropriate identifier that uniquely corresponds to each item listed. This list must be filed confidentially and may be amended as of right. The confidential reference list shall not be made available to the public and may only be viewed by the parties and the appellate court and staff. Any reference in the case to a listed identifier will be construed to refer to the corresponding item of information. No order of the court is required to file a reference list.

Parties should also exercise caution in including other sensitive personal data in their filings, such as personal identifying numbers, medical records, employment history, individual financial information, proprietary or trade secret information, information regarding an individual's cooperation with the government, information regarding the victim of any criminal activity, or national security information.

Attorneys are expected to discuss this matter with their clients so that an informed decision can be made about the inclusion of sensitive information. *The appellate courts and their staff will not review filings for redaction or to determine if materials should be sealed; the responsibility for ensuring that information is redacted or sealed rests with counsel and the parties.*

/s/JEAN H. TOAL, C.J.

/s/COSTA M. PLEICONES, J.

/s/DONALD W. BEATTY, J.

/s/JOHN W. KITTREDGE, J.

/s/KAYE G. HEARN, J.

FOR THE COURT