**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Canadian River Farms, Ltd., Colt Farms, Inc., B C Farms, Inc. n/k/a B C Farms of South Carolina, Inc., and Outback Farms, Ltd., Respondents/Appellants,

v.

Becky J. Gonshorowski, The South Carolina Department of Transportation and Aiken County, South Carolina, a body politic and political subdivision of the State of South Carolina, Respondents,

Ex Parte: Carolyn Barrett, Robert Barrett and Save Windsor SC, Proposed Intervenors, Appellants/Respondents.

Appellate Case No. 2016-002102

———————

Appeal From Aiken County
M. Anderson Griffith, Master-in-Equity

———————

Unpublished Opinion No. 2018-UP-373
Submitted September 1, 2018 – Filed October 10, 2018

———————

**AFFIRMED**

———————

James D. Mosteller, III, of The Mosteller Law Firm, LLC, of Barnwell; and Bradford M. Owensby, of Brad

Owensby Law Firm, LLC, of Aiken, for
Appellants/Respondents.

J. Calhoun Watson, Tina Marie Cundari, and Benjamin
Rogers Gooding, all of Robinson Gray Stepp & Laffitte,
LLC, of Columbia; and Mary Olivia Guynn, of Smith,
Massey, Brodie, Guynn & Mayes, LLC, of Aiken, for
Respondents/Appellants.

Natalie Jean Moore, of Columbia, for Respondent South
Carolina Department of Transportation.

James M. Holly, of Aiken, for Respondent Aiken
County, South Carolina.

Becky J. Gonshorowski, of Aiken, pro se.

---

**PER CURIAM:**  Carolyn Barrett, Robert Barrett, and Save Windsor SC
(collectively, Save Windsor) appeal the master-in-equity's order granting a petition
by Canadian River Farms, Ltd.; Colt Farms, Inc.; B C Farms, Inc. n/k/a B C Farms
of South Carolina, Inc.; and Outback Farms, Ltd. (collectively, the Farms) to close
two dirt roads in Aiken County.  On appeal, Save Windsor argues the master erred
in (1) failing to order a new trial because the Farms did not serve written notice to
owners of property abutting portions of the roads the Farms did not seek to close
and (2) determining Save Windsor did not timely file its motion to intervene.  In
the form of a cross-appeal, the Farms raise the additional sustaining grounds that
(1) Save Windsor's interests were heard at the initial hearing and (2) Save
Windsor's failure to attach a pleading to its motion to intervene was fatal to the
relief requested.  We affirm pursuant to Rule 220(b), SCACR, and the following
authorities:[1]

As to the issue of notice: S.C. Code Ann. § 57-9-10 (2017) ("Any interested
person, the State[,] or any of its political subdivisions or agencies may petition a
court of competent jurisdiction to abandon or close any street, road or highway
whether opened or not.  Prior to filing the petition, notice of intention to file shall
be published once a week for three consecutive weeks in a newspaper published in
the county where such street, road[,] or highway is situated.  *Notice also shall be*

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

*sent by mail requiring a return receipt to the last known address of all abutting property owners whose property would be affected by any such change*, and posted by the petitioning party along the street, road, or highway, subject to approval of the location of the posting by the governmental entity responsible for maintenance of the street, road, or highway." (emphasis added)); *Holley v. Mount Vernon Mills, Inc.*, 312 S.C. 320, 323, 440 S.E.2d 373, 374 (1994) ("When a statute is clear and unambiguous, the terms of the statute must be given their literal meaning.").

As to the timeliness of Save Windsor's motion to intervene: *In re Horry Cty. State Bank*, 361 S.C. 503, 508, 604 S.E.2d 723, 725 (Ct. App. 2004) ("[A] party seeking intervention under Rule 24(a)(2)[, SCRCP,] must: (1) establish timely application; (2) assert an interest relating to the property or transaction which is the subject of the action; (3) demonstrate that it is in a position such that without intervention, disposition of the action may impair or impede its ability to protect that interest; and (4) demonstrate that its interest is inadequately represented by other parties."); *Ex Parte Reichlyn*, 310 S.C. 495, 500, 427 S.E.2d 661, 664 (1993) ("Failure to satisfy any one of the four requirements precludes intervention."); *Davis v. Jennings*, 304 S.C. 502, 504, 405 S.E.2d 601, 603 (1991) (providing a four-part test for determining timeliness: "(1) the time that has passed since the applicant knew or should have known of his or her interest in the suit; (2) the reason for the delay; (3) the stage to which the litigation has progressed; and (4) the prejudice the original parties would suffer from granting intervention and the applicant would suffer from denial").[2]

**AFFIRMED.**

**THOMAS, KONDUROS, and MCDONALD, JJ., concur.**

---

[2] Because we find the master did not abuse its discretion in finding Save Windsor's motion to intervene untimely, we decline to address the additional sustaining grounds the Farms raise in the form of a cross-appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing an appellate court need not address remaining issues when the disposition of a prior issue is dispositive).