**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ex Parte: Representative Chip Huggins, Appellant.

In re: WKSC, LLC, d/b/a Savannah's Gentlemen's Club & Steakhouse, Petitioner, Respondent,

v.

South Carolina Department of Revenue, Respondent.

Appellate Case No. 2018-001613

Appeal From Richland County
S. Phillip Lenski, Administrative Law Judge

Unpublished Opinion No. 2021-UP-319
Submitted May 3, 2021 – Filed September 8, 2021

**AFFIRMED**

Andrew Luther Richardson, Jr. and John Adam Ribock, both of McAngus Goudelock & Courie, LLC, of Columbia, for Appellant.

S. Jahue Moore, of Moore Taylor Law Firm, P.A., of West Columbia; Kenneth E. Allen, of Ken Allen & Associates, LLC, of Columbia; and Patrick Alan McCabe and Jason Phillip Luther, both of the South Carolina

Department of Revenue, of Columbia; all for
Respondents.

---

**PER CURIAM:**  Representative Chip Huggins (Appellant) appeals the administrative law court's (ALC's) denial of his motion to intervene as a party in the hearing on the merits of Savannah's Gentlemen's Club and Steakhouse's (Savannah's) application for an alcohol license.  We affirm.

## FACTS/PROCEDURAL HISTORY

On June 19, 2018, the South Carolina Department of Revenue (The Department) issued a final determination letter denying Savannah's application for an on-premises beer and wine permit and restaurant liquor by the drink license.  The Department received 239 valid public protests, including one from Appellant on April 6, 2018.  Savannah's requested a contested case hearing with the ALC.

The ALC scheduled a hearing on the merits for September 11, 2018,[1] and issued an Administrative Memorandum to Individuals Protesting a License or Permit (the Memorandum).  The Memorandum explained the differences between protestants and parties in contested cases in layman's terms.  It stated that to have "full participation rights at the hearing, . . . a Protestant must request to be admitted as a party, by making a motion to intervene."  The Memorandum further stated that anyone wishing to intervene as a party must file a motion to intervene no later than August 10, 2018, and any motion to intervene filed after that date would be deemed to be untimely and prejudicial to the rights of existing parties.  The Memorandum was electronically transmitted to all parties and protestants on July 19, 2018.  Appellant filed a motion for leave to intervene (the Motion) on August 30, 2018.  The ALC denied the Motion, finding there was no good cause for the untimely filing of the Motion.

## STANDARD OF REVIEW

"The granting of intervention is wholly discretionary with the trial court and will be reversed only for abuse of discretion."  *Sauner v. Pub. Serv. Auth. of S.C.*, 354

---

[1] Appellant's brief states the ALC continued the hearing on the merits indefinitely on September 10, 2018, when government offices were closed by an executive order.

S.C. 397, 411, 581 S.E.2d 161, 168 (2003). "In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence." *Sanders v. S.C. Dep't. of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008). "In determining whether the ALC's decision was supported by substantial evidence, the [c]ourt need only find, looking at the entire record on appeal, evidence from which reasonable minds could reach the same conclusion as the ALC." *Kiawah Dev. Partners, II v. S.C. Dep't of Health & Env't Control*, 411 S.C. 16, 28, 766 S.E.2d 707, 715 (2014).

**LAW/ANALYSIS**

SCALC Rule 20(C) states:

> Time for Motion for Intervention. The motion for leave to intervene shall be filed as early in the proceedings as possible to avoid adverse impact on the existing parties or the disposition of the proceedings. Unless otherwise ordered by the [ALC], the motion to intervene shall be filed at least twenty . . . days before the hearing. Any later motion shall contain a statement of good cause for the failure to intervene earlier.

South Carolina courts have set forth the following test for determining timeliness:

> (1) the time that has passed since the applicant knew or should have known of his or her interest in the suit; (2) the reason for the delay; (3) the stage to which the litigation has progressed; and (4) the prejudice the original parties would suffer from granting intervention and the applicant would suffer from denial.

*Davis v. Jennings*, 304 S.C. 502, 504, 405 S.E.2d 601, 603 (1991).

Appellant argues the ALC abused its discretion in denying the Motion because it did not actually exercise its discretion, and instead predetermined that any motion filed after August 10, 2018, would be untimely. However, we find the ALC's decision is supported by substantial evidence from which reasonable minds could reach the same conclusion as the ALC.

The ALC denied the Motion after holding a teleconference hearing to determine whether there was good cause to grant the Motion. The ALC found Appellant (1) had known of his interest in the proceeding "for months"; (2) did not provide a sufficient reason for delay; (3) the hearing was one week away; and (4) Savannah's would not have time to prepare its case, and Appellant would still be afforded the opportunity to present his objections on the day of the hearing. *See Ex Parte Reichlyn*, 310 S.C. 495, 500, 427 S.E.2d 661, 664 (1993) (noting that "failure to satisfy any one of the four requirements precludes intervention"). The ALC stated that although Appellant's "interests and any judicial economy realized by adding an intervenor may go towards good cause for being permitted to intervene, they fail to answer why the motion was filed out of time." The ALC's order reveals that it properly exercised its discretion by examining the Motion using the above *Davis* factors, SCALC Rule 20(c), and by considering all relevant aspects relating to good cause for untimeliness.

Accordingly, the ALC's denial of Appellant's motion to intervene is

**AFFIRMED.**[2]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.